IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00100-WCM

| | |
|---|---|
| NEIL EDWIN BUSH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to Section 406(b) of the Act (the "Motion for Fees," Doc. 18) and Plaintiff's Motion to Amend Caption (the "Motion to Amend," Doc. 22).

I. Procedural Background

On July 6, 2021, Neil Edwin Bush ("Plaintiff") initiated this action seeking judicial review of the Commissioner's decision to deny his application for disability insurance benefits. Doc. 1.

On February 3, 2022, Plaintiff filed a Motion for Summary Judgment. Docs. 11, 12.

On March 29, 2022, the Commissioner filed a Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (the "Motion to Remand," Doc. 13). The next day, the undersigned granted the Motion to

1

Remand, denied Plaintiff's Motion for Summary Judgment as moot, and remanded this matter for further administrative proceedings. Doc. 14.

On June 22, 2022, Plaintiff filed a Petition for Attorney Fees under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412. Doc. 16. That request was granted, and Plaintiff was awarded attorney's fees in the amount of $6,800.00. Doc. 17.

On October 16, 2024, Plaintiff filed the instant Motion for Fees which seeks an award of $25,681.75 under 42 U.S.C. § 406(b). Doc. 18. The Motion for Fees represents that Plaintiff was awarded $102,727.00 in total past due benefits, and that 25% of that amount, $25,681.75, was withheld for the direct payment of an attorney's fee. Doc. 18; see also Doc. 18-1 (Notice of Award).

On October 29, 2024, the Commissioner filed a response stating that the Commissioner "neither supports nor opposes counsel's request…." Doc. 19. However, because the Commissioner's response also indicated that Plaintiff was deceased, the Court directed the parties to provide additional information regarding whether attorney's fees may be awarded notwithstanding Plaintiff's death. The Court also set a deadline for the filing of any motions for substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure.

In supplemental memoranda, both sides agreed that attorney's fees may be awarded following a social security claimant's death. Docs. 20, 21. However, no motions for substitution were filed.

Consequently, on November 22, 2024, the Court further directed the parties to address the question of to whom a refund of the EAJA fees previously awarded would be made, if the Motion for Fees were allowed.

On December 4, 2024, the Motion to Amend was filed, along with a Joint Response to the Court's November 22, 2024 Order. Docs. 22, 23.

## II. Discussion

### A. The Motion for Fees

There are two ways attorney's fees may be awarded to a Social Security benefits claimant.

First, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action…." 28 U.S.C. § 2412(d)(1)(A).

Second, 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."

Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

See also Astrue v. Ratliff, 560 U.S. 586, 598 (2010) ("The 1985 amendments address the fact that Social Security claimants may be eligible to receive fees awards under both the SSA and EAJA, and clarify the procedure that attorneys and their clients must follow to prevent the windfall of an unauthorized double recovery of fees for the same work. Section 206(b) provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee'"); Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009) ("[T]he claimant's attorney refunds to the claimant the amount of the smaller fee").

The Fourth Circuit has explained that 42 U.S.C. § 406(b) was designed "'to control, not to displace, fee agreements between Social Security benefits claimants and their counsel.' As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits,

4

...§406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 807). In that regard, a reduction of a contingent fee may be appropriate when "(1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Id. (quoting Gisbrecht, 535 U.S. at 808).

Here, Plaintiff and his attorney entered a Fee Agreement pursuant to which any attorney fee award would not exceed 25% of the past due benefits, Doc. 18-3 at 1, and Plaintiff's counsel seeks to recover $25,681.75 in fees pursuant to the Fee Agreement and 42 U.S.C. § 406(b).

Having considered the factors set forth in Mudd, the undersigned will allow the Motion.

### B. The Motion to Amend

The allowance of the Motion for Fees requires the Court to consider how the EAJA fees previously awarded must be refunded.

By the Motion to Amend, Plaintiff asks the Court to amend the caption of this case to reflect the plaintiff as being "Deana Bush, o/b/o Neil Edwin Bush (deceased)." Doc. 22 at 1. The Motion to Amend explains that "Neil Edwin Bush

died after the court remand in this case" and that his "widow, Deana Bush, has been properly substituted as the party in interest before SSA...." Id. at 2.

In their Joint Response, the parties state that they "agree that any EAJA fees should be returned to Deana Bush...." Doc. 23.

The Court will construe the Motion to Amend as being an unopposed request to substitute Deana Bush as the plaintiff pursuant to 20 C.F.R. § 404.503(b) and Rule 25(a)(1) of the Federal Rules of Civil Procedure. See e.g., Naranjo v. Astrue, No. 08–cv–02289–WYD, 2010 WL 1277974, at *2 (D. Col. March 30, 2010) ("Mr. Naranjo's widow Gloria Naranjo has been designated by the Commissioner as a substitute party for the deceased. Gloria Naranjo will hereinafter be referred to as the Plaintiff.").

**IT IS THEREFORE ORDERED** that:

1. The Motion to Amend (Doc. 22) is **GRANTED**, and Deana Bush, o/b/o Neil Edwin Bush (deceased) is **SUBSTITUTED** in the place of Neil Edwin Bush.

2. Plaintiff's Motion for Fees (Doc. 18) is **GRANTED**, and Plaintiff's counsel is awarded attorney's fees in the amount of Twenty-Five Thousand and Six Hundred and Eighty-One Dollars and Seventy-Five Cents ($25,681.75).

3. Upon receipt of the § 406(b) fees awarded by this order, Plaintiff's counsel shall pay to Plaintiff (Ms. Bush) the sum of $6,800.00, which represents a refund of the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Such refund shall be subject to any applicable federal and state estate and tax laws.

Signed: December 10, 2024

W. Carleton Metcalf
United States Magistrate Judge

7

Case 5:21-cv-00100-WCM   Document 24   Filed 12/10/24   Page 7 of 7